BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6831
    Laura.Vartain@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 11-00697 |
| Plaintiff, | UNITED STATES RE-SENTENCING MEMORANDUM |
| v. | Court: Hon. Charles R. Breyer |
| RODERICK HAROLD BOLDS, | Date: May 4, 3016 |
| Defendant. | Time: 10:00AM |

## INTRODUCTION

The United States submits this Sentencing Memorandum in advance of defendant's re-sentencing in the above-captioned matter. The jury convicted defendant of sex trafficking of children in violation of 18 U.S.C. § 1591(b)(2) (Count One), and transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) (Count Two). The Court sentenced defendant to 160 months, which was a downward variance from the applicable Guidelines at the time. On October 16, 2015, the Ninth Circuit reversed the conviction on Count One. Because all the facts relevant to sentencing remain the same, the United States respectfully requests that the Court impose the same sentence.

## BACKGROUND

The Court is familiar with the facts of the case, which are also set forth in the United States' Sentencing Memorandum. Dkt. 149. In brief, the jury convicted defendant on two similar counts of sex trafficking a minor. The key difference between Count One and Count Two was the requirement on Count One that the government prove that defendant knew or recklessly disregarded the minor's age. Count Two only requires that the victim be a minor.

The Court instructed the jury that the government could prove knowledge or reckless disregard of the victim's age by establishing that the defendant has a reasonable opportunity to observe her. The jury convicted defendant of knowing, or recklessly disregarding that the victim was a minor.

The Court sentenced defendant to 160 months concurrent on Counts One and Two, which was a significant downward variance from the applicable Guidelines. In sentencing defendant, the Court focused on three 18 U.S.C. § 3553(a) factors. Specifically, the Court identified protecting society, rehabilitating defendant, and accounting for the severity of the crime as key to the sentencing determination:

> I'm going to give you a lengthy sentence, but not as long as – as some people might think is appropriate…But I simply have to protect society. That's, in large part, what is motivating the government here, and I don't think inappropriately. I think that perhaps you could use the time to develop some vocational skills that will get you through life…But this is a serious crime. Your conduct was very serious. You certainly took advantage of a young girl who is addicted to methamphetamine.

Dkt. 172 at 46 (Exhibit A).

The Ninth Circuit overturned the jury's conviction on Count One. The Ninth Circuit found that the jury instruction was a constructive amendment of the Indictment because the Indictment did not include the "reasonable opportunity" theory, and there was no evidence before the Ninth Circuit that the grand jury was instructed on that theory of knowledge. Dkt. 175.

## THE UNITED STATES' SENTENCING RECOMMENDATION

Imposing the same sentence is appropriate for two reasons. First, the Ninth Circuit's ruling does not disturb the factors the Court considered at sentencing. The Court focused on three factors in imposing the sentence: (1) protecting society; (2) rehabilitating defendant; and (3) accounting for the severity of the crime. The Ninth Circuit's opinion does not change any of these factors. It is no less

important to protect society from defendant.  It is no less important to give defendant an opportunity to turn his life around.  And the severity of the crime is the same.

Defendant's argument that the Ninth Circuit's decision changes the equation with respect to severity is not convincing.  Dkt. 182 ("The seriousness of the offense is certainly less than would be the case if Mr. Bolds knew she was a minor.")  The Ninth Circuit's decision does not disturb the evidence at trial, which established that defendant knew she was a minor.  At a minimum, the jury found that defendant had a reasonable opportunity to view the victim and on that basis, charged him with knowledge that she was a minor.  In reaching that verdict, the jury rejected the argument defendant again makes here that he did not know she was a minor.

Second, the Court sentenced defendant to concurrent terms on Counts One and Two, and imposed a sentence below the Guidelines on both.  Imposing a 160-month sentence on Count Two is entirely consistent with the prior judgment, and is below the new applicable Guidelines range of 210-262.

## CONCLUSION

The importance of protecting society, rehabilitating defendant, and sentencing consistent with the severity of defendant's crime are no different today than in August 2014.  The Court should impose the same sentence.

DATED: April 27, 2016                    Respectfully submitted,

BRIAN J. STRETCH
United States Attorney


  /s/
LAURA VARTAIN HORN
Assistant United States Attorney

UNITED STATES' RE-SENTENCING MEMORANDU
CR 11-00697 CRB