# UNITED STATES DISTRICT COURT

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**San Francisco Venue**

---

**Amended Petition for Warrant for Person Under Supervision**

---

| **Person Under Supervision** | **Docket Number** |
|---|---|
| Roderick Harold Bolds | 0971 3:11CR00697-001 CRB |

**Name of Sentencing Judge:** The Honorable Charles R. Breyer
Senior United States District Judge

**Date of Original Sentence:** August 6, 2014

**Original Offense**
Count Two: Transportation of Minors with Intent to Engage in Criminal Sexual Activity, 18 U.S.C. § 2423(a), a Class A Felony.

**Original Sentence:** 140 months custody; 10 years supervised release

**Special Conditions:** $100 special assessment; drug testing and treatment; no alcohol; no loitering within 100 feet of any location where minors are likely to gather; change of address must be pre-approved; sex offender registration; sex offender-specific treatment; polygraph testing; no contact with anyone under 18; reasonable search; DNA collection; and no dangerous weapons.

**Prior Form(s) 12:** On June 1, 2022, Your Honor took judicial notice that Mr. Bolds submitted a urine sample positive for marijuana.

On November 17, 2022, Your Honor took judicial notice that Mr. Bolds submitted a urine sample positive for marijuana and a urine sample positive for methamphetamine.

On September 6, 2023, a Petition for Summons was filed alleging four charges. On September 21, 2023, Mr. Bolds made his initial appearance before Magistrate Judge Kang. On November 29, 2023, Mr. Bolds appeared before Your Honor for a status hearing. A further status hearing was set for March 6, 2024.

On December 13, 2023, a Petition for Warrant was filed alleging an additional charge. On December 18, 2023, Mr. Bolds made his initial appearance before Magistrate Judge Tse and was arraigned on the new charge. Mr. Bolds was ordered released and the matter was set before Your Honor on January 17, 2024. On January 17, 2024, Mr. Bolds appeared before Your Honor for a status hearing. The matter was continued until May 10, 2024. On May 10, 2024, Mr. Bolds appeared before Your Honor for a status hearing. The matter was continued until July 31, 2024.

On July 2, 2024, an Amended Petition for Warrant was filed alleging three new charges. On July 5, 2024, Mr. Bolds made his initial appearance before Magistrate Judge Hixson and was arraigned on the new charges. On July 12, 2024, Mr. Bolds appeared before Magistrate Judge Hixson for a detention hearing. The Court released Mr. Bolds and ordered him to complete 30 days of GPS Location Monitoring. On August 7, 2024, Mr. Bolds appeared before Your Honor. The matter was set for a further status on October 16, 2024. On August 15, 2024, Mr. Bolds appeared before Magistrate Judge Hixson for a status regarding his Location Monitoring. Judge Hixson ordered Mr. Bolds' Location Monitoring removed. On October 16, 2024, Mr. Bolds appeared before Your Honor. Your Honor took judicial notice of all the charges in the Amended Petition for Warrant.

On January 16, 2025, a Petition for Warrant was filed alleging Charges One and Two. On April 23, 2025, Mr. Bolds made his initial appearance before Magistrate Judge Cisneros. Mr. Bolds was ordered released on location monitoring for 60 days and ordered to drug test twice a week.

On May 6, 2025, a status hearing was held before Magistrate Judge Cisneros to report new drug use. Mr. Bolds remained released on all previously imposed conditions. On May 28, 2025, Mr. Bolds appeared before Magistrate Judge Cisneros for a status hearing. On that same date, Mr. Bolds appeared before Your Honor for a status hearing. A further status hearing was set for August 6, 2025.

On June 25, 2025, an Amended Petition for Summons was filed with the Court.

On July 1, 2025, the Court modified Mr. Bolds conditions of supervision to include up to 90 days in the Residential Reentry Center.

On July 23, 2025, a 2nd Amened Petition for Summons was filed by the Court. The additional violations were that Mr. Bolds was unsuccessfully terminated from the RRC and consumed alcohol. On August 6, 2025, the parties appeared before Your Honor for status. Mr. Bolds was scheduled to appear before Your Honor on November 7, 2025.

On October 22, 2025, a Petition for Warrant for Person Under Supervision was filed alleging Charges Nine, Ten and Eleven. On October 24, 2025, Mr. Bolds made his initial appearance before Magistrate Judge Cisneros. The matter was scheduled for a detention hearing on November 4, 2025. On November 4, 2025, Mr. Bolds appeared before Magistrate Judge Cisneros for a detention hearing and was ordered released to the RRC. Mr. Bolds appeared before Your Honor on December 3, 2025, for a status hearing. No future court dates have been scheduled.

**Type of Supervision**
Supervised Release
**Assistant U.S. Attorney**
Kevin Barry
**Defense Counsel**
Taylor Fatherree (AFPD)

**Date Supervision Commenced**
April 15, 2022
**Date Supervision Expires**
April 14, 2032

**Petitioning the Court for the issuance of a no bail warrant for the arrest of the person under supervision and the Court take notice of the additional violation conduct alleged in Charges Twelve through Fifteen and incorporate the information into all future proceedings (all additions have been highlighted in bold print).**

I, Alex Gerstel, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the person under supervision violated the mandatory condition that states you shall not commit another Federal, state or local crime. |

On January 16, 2025, Mr. Bolds was in violation of California Penal Code Sections: 29800(a)(1) – Felon in Possession of a Firearm, a felony; 29900(a)(1) – Possession of a Firearm with Prior Conviction, a felony; 30305(a)(1) – Possession of Ammunition, a felony; and 422 – Criminal Threats, a felony.

Specifically, on January 16, 2025, San Francisco Police Department (SFPD) officers responded to a domestic violence call at Mr. Bolds apartment. Mr. Bolds' girlfriend reported Mr. Bolds had pulled out a firearm and threatened her. Mr. Bolds was not present during SFPD's initial contact with the victim. During the investigation, Mr. Bolds returned to the apartment. SFPD officers searched the building lobby and adjacent bicycle room and recovered a revolver style firearm from the bicycle room. The victim identified the firearm as the one Mr. Bolds brandished against her. Mr. Bolds was placed under arrest and booked into the San Francisco County Jail.

Evidence in support of this charge includes the SFPD Incident Report Number: 250030552.

| Charge Number | Violation |
|---|---|
| Two | There is probable cause to believe that the person under supervision violated special condition number twelve that he not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons. |

On January 16, 2025, Mr. Bolds was in possession of a firearm and ammunition.

Evidence in support of this charge includes the SFPD Incident Report Number: 250030552.

| Charge Number | Violation |
|---|---|
| Three | There is probable cause to believe that the person under supervision violated the mandatory condition which states you shall refrain from any unlawful use of a controlled substance. |

On April 29, 2025, Mr. Bolds tested positive for cocaine.

Specifically, on April 23, 2025, Mr. Bolds was ordered released from custody by Magistrate Judge Cisneros. Mr. Bolds reported to the Probation Office on April 29, 2025, and submitted a urinalysis which tested positive for cocaine. Mr. Bolds admitted to using cocaine the day he was released from custody on April 23, 2025.

Evidence in support of this charge includes the Admission/Denial Report dated April 29, 2025.

| Charge Number | Violation |
|---|---|
| Four | There is probable cause to believe that the person under supervision violated special condition number twelve that he not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons. |

On June 18, 2025, Mr. Bolds was in possession of brass knuckles and a trench knife/switch blade.

Specifically, on June 18, 2025, an unannounced home inspection was conducted at Mr. Bolds' apartment. Mr. Bolds was home alone. In plain view on his TV stand there was a pair of black brass knuckles. The brass knuckles were seized. Within the brass knuckles there was a spring activated trench knife/switch blade.

Evidence in support of this charge is contained within the chronological entries maintained by the probation office dated June 18, 2025, at 10:16.

| Charge Number | Violation |
|---|---|
| Five | There is probable cause to believe that the person under supervision violated the mandatory condition that states you shall not commit another Federal, state or local crime. |

On June 18, 2025, Mr. Bolds was in violation of California Penal Code Sections: 21810 – Possession of Brass Knuckles, a wobbler; 21510 –

Possession of a Switchblade, a misdemeanor; and 21310 – Possession of a Trench Knife, a wobbler.

Specifically, on June 18, 2025, an unannounced home inspection was conducted at Mr. Bolds' apartment. Mr. Bolds was home alone. In plain view on his TV stand there was a pair of black brass knuckles. The brass knuckles were seized. Within the brass knuckles there was a spring activated trench knife/switch blade greater than two inches.

Evidence in support of this charge is contained within the chronological entry maintained by the probation office dated June 18, 2025, at 10:16.

| Charge Number | Violation |
|---|---|
| Six | There is probable cause to believe that the person under supervision violated special condition number two which states you shall abstain from the use of alcoholic beverages. |

On June 18, 2025, Mr. Bolds admitted to drinking alcohol. On June 23, 2025, Mr. Bolds was breathalyzed and blew 0.019. Mr. Bolds admitted to drinking alcohol the night before.

Specifically, on June 18, 2025, an unannounced home inspection was conducted at Mr. Bolds' apartment. Mr. Bolds was home alone. Next to his bed where Mr. Bolds was sitting, there was an open bottle of Jack Daniels whiskey. The bottle of whiskey was about 2/3rds empty and the cap for the bottle was on the floor next to the bottle. Mr. Bolds admitted to drinking alcohol prior to probation arriving. In the trashcan there was at least two more empty bottles of Jack Daniels. Mr. Bolds was admonished for his alcohol use and reminded of his condition requiring him to abstain from all alcoholic beverages.

On June 23, 2025, Mr. Bolds reported to the Probation Office. He was breathalyzed and blew 0.019. Mr. Bolds admitted to drinking alcohol the night before.

Evidence in support of this charge is contained within the chronological entries maintained by the probation office dated June 18, 2025, at 10:16, and June 23, 2025, at 09:40.

| Charge Number | Violation |
|---|---|
| Seven | There is probable cause to believe that the person under supervision violated the mandatory condition which states you shall not unlawfully possess a controlled substance. |

On June 24, 2025, Mr. Bolds was in possession of Alprazolam.

Specifically, on June 24, 2025, Probation conducted a search at Mr. Bolds' residence. Mr. Bolds admitted to having a bottle of "Xanax" in his pants pocket. Mr. Bolds admitted he obtained the bottle of pills on the street.

Evidence in support of this charge is contained within the chronological entry maintained by the probation office dated June 24, 2025, at 09:15.

| Charge Number | Violation |
|---|---|
| Eight | There is probable cause to believe that the person under supervision violated the special condition added July 1, 2025, that he reside at the Residential Reentry Center for up to 90 days. |

On July 18, 2025, Mr. Bolds was unsuccessfully terminated from the halfway house for taking a pass for job search and coming back to the facility under the influence of alcohol.

This is evidenced by documentation from Geo Care.

| Charge Number | Violation |
|---|---|
| Nine | There is probable cause to believe that the person under supervision violated the mandatory condition that states you shall not commit another Federal, state or local crime. |

On October 20, 2025, Mr. Bolds violated California Penal Code(s) 246.3- Negligent Discharge of a Firearm and 290-Failure to Register as a Sex Offender, Annual Violation.

On October 20, 2025, San Francisco Police received several 911 calls regarding shots fired at 284 Golden Gate Avenue. Officers arrived and on the rooftop of the building located 18 fired ammunition cartridges and 3 unfired cartridges. Surveillance footage was reviewed which showed a Black Honda parking along the curb and three subjects exiting the vehicle. Two individuals were immediately identified as Deon Jackson and Rodrick Bolds. Mr. Bolds was the driver of the Honda. The three individuals entered 284 Golden Gave Avenue at 0031 and exited at 0054. Mr. Bolds is seen carrying a black bag and they return to the vehicle. Surveillance footage was also viewed of the same three individuals in the stairwell to the roof. After leaving the area, the Honda parked outside 166 Turk Street and Jackson is seen taking the black bag into the building. While canvassing the area, Mr. Jackson and later Mr. Bolds were detained. Mr. Bolds was arrested for failure to register as a sex offender. Mr. Bolds vehicle, the Black Honda, was towed and impounded.

This is evidenced by San Francisco Police Department report number 250589816 and 250590722.

| Charge Number | Violation |
|---|---|
| Ten | There is probable cause to believe that the person under supervision violated standard condition number nine, which states he shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony. |

As outlined in Charge Nine, on October 20, 2025, Mr. Bolds was in the presence of Deon Jackson. Mr. Jackson is a convicted felon and was also engaged in the criminal activity alleged in Charge Nine.

This is evidenced by San Francisco Police Department report number 250589816.

| Charge Number | Violation |
|---|---|
| Eleven | There is probable cause to believe that the person under supervision violated special condition number five, which states in part, that he shall register with the state registration agency as required by state law. |

As outlined in Charge Nine, on October 20, 2025, Mr. Bolds was found to be in violation of California Penal Code 290- Failure to Register as a Sex Offender.

This is evidenced by San Francisco Police Department report number 250590722.

| **Charge Number** | **Violation** |
|---|---|
| **Twelve** | **There is probable cause to believe the person under supervision violated special condition number one that states you shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer.** |

**On January 29, 2026, Mr. Bolds utilized a strap-on device with fake urine to defeat his drug test.**

**Specifically, on January 29, 2026, during an unannounced home contact, Mr. Bolds was directed to submit a drug test. Mr. Bolds was wearing a strap-on device with fake urine. The subterfuge device was seized. Mr. Bolds admitted to using methamphetamine the day prior.**

**Evidence in support of this charge includes this officer's testimony.**

| Charge Number | Violation |
|---|---|
| **Thirteen** | **There is probable cause to believe that the person under supervision violated the mandatory condition which states you shall refrain from any unlawful use of a controlled substance.** |

**On January 29, 2026, Mr. Bolds admitted to using methamphetamine. On February 12, 2026, Mr. Bolds tested positive for methamphetamine. On March 30, 2026, and April 7, 2026, Mr. Bolds tested positive for marijuana.**

**Evidence in support of this charge includes this officer's testimony and the drug test reports.**

| Charge Number | Violation |
|---|---|
| **Fourteen** | **There is probable cause to believe the person under supervision violated special condition number one that states you shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer.** |

**On March 19, 2026, Mr. Bolds was instructed to report to a detox facility and then transition into a residential drug treatment program. On March 20, 2026, Mr. Bolds entered detox at Billie Holiday Stabilization Center. Mr. Bolds walked out of the program on March 23, 2026, and did not transition to a residential drug treatment program.**

**Evidence in support of this charge includes this officer's testimony.**

| Charge Number | Violation |
|---|---|
| **Fifteen** | **There is probable cause to believe that the person under supervision violated the mandatory condition that states you shall not commit another Federal, state or local crime.** |

**On April 10, 2026, Mr. Bolds was in violation of California Penal Code Section 215(A) – Carjacking with Other Dangerous Weapon.**

**Specifically, on April 10, 2026, Oakland Police Department (OPD) responded to a call of an armed carjacking. OPD officers met with the victim who reported a 2022 Black Honda Accord (CA Plate: 9DQN614) pulled up next to him in his vehicle. The registered owner of the vehicle is Roderick Bolds. The passenger of the Honda Accord exited the vehicle and deployed a taser on the victim's thigh. The suspect then got into the victim's vehicle and drove away. The**

**driver of the Honda Accord then exited the vehicle while holding a revolved style pistol. The suspect told the victim to stay away and then fled the scene behind the stolen vehicle.**

**Evidence in support of this charge includes the OPD Crime Report Number: 26-015577 and the San Francisco Police Department Number: 260215415.**

Based on the foregoing, there is probable cause to believe Roderick Harold Bolds violated the conditions of his Supervised Release. Therefore, I ask the Court to issue a no bail warrant for his arrest and to take notice of the additional violation conduct alleged in Charges Twelve through Fifteen and incorporate the information into all future proceedings.

Respectfully submitted,

Alex Gerstel
U.S. Probation Officer Specialist
Date Signed: May 5, 2026

Reviewed by:

Jennifer Hutchings
Supervisory U.S. Probation Officer

---

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☒x The issuance of a no bail warrant AND ORDER THAT THIS FORM BE FILED UNDER SEAL, AND NO PUBLIC RECORD OF WARRANT ISSUANCE BE MADE. THE FORM SHALL BE UNSEALED AND BE PART OF THE PUBLIC RECORD UPON ITS EXECUTION. Furthermore, the Court takes notice of the additional violation conduct alleged in Charges Twelve through Fifteen of this Amended Petition for Warrant and incorporates them into all future proceedings.

☐ Other:

May 6, 2026
Date

Charles R. Breyer
Senior United States District Judge

APPENDIX

Grade of Violations: B [USSG §7C1.1(a)(2), p.s.]

Criminal History at time of sentencing: VI

| | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | Five years<br>18 U.S.C. § 3583(e)(3) | 21-27 months<br>USSG §7C1.5, p.s. |
| **Supervised Release:** | Up to Life<br>18 U.S.C. § 3583(h) | Up to Life<br>USSG §7C1.4(c), p.s. |
| **Probation:** | Not applicable | Not applicable |