JODI LINKER
Federal Public Defender
Northern District of California
TAYLOR FATHERREE
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Taylor_Fatherree@fd.org

Counsel for Roderick BOLDS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RODERICK BOLDS<br>Defendant. | **Case No.:** CR 11–697 CRB<br>**MOTION TO REVOKE DETENTION ORDER**<br>**Court:** Courtroom 6, 17th Floor<br>**Hearing Date:** May 20, 2026<br>**Hearing Time:** 10:00 a.m. |

## BACKGROUND

Roderick Bolds is before the Court on a supervised release violation. When the form 12 was originally filed on January 16, 2025, Mr. Bolds was released on location monitoring. Dkt. 237. On June 25, 2025, and July 23, 2025 a first and second amended petition for summons were filed, respectively. Dkt. 246, 253. On July 1, 2025 Mr. Bold's conditions were modified for him to reside at the halfway house, which he had already consented to and then complied with. Dkt. No. 249. Mr. Bolds was later terminated from the halfway house for drinking and blowing a .056. He remained out of custody and continued his outpatient treatment and drug testing. On October 22, 2025, a second petition for a warrant was filed. Dkt. 259. Mr. Bolds was ordered released to the halfway house where he successfully resided for several months before transitioning to the Drake Hotel. He began to have addiction struggles again, but checked himself into and successfully completed a detox program. In March 2026, he checked himself into but did not successfully complete a second detox program. Mr. Bolds expressed to defense counsel a desire to participate in a treatment program outside of San Francisco. Defense counsel contacted Probation in April and May 2026 to communicate Mr. Bold's interest in a program. On May 5, 2026 the most recent petition for warrant was filed alleging Charges Twelve through Fifteen. Dkt. 285. On May 15, 2026, Magistrate Judge Hixson ordered Mr. Bolds detained. This motion follows.

## ARGUMENT

### I. Mr. Bolds' new charges supported by probable cause are all addiction related, and treatment is appropriate.

#### A. There is no probable cause for Charge Fifteen because video surveillance shows that Mr. Bolds did not participate in the carjacking mentioned.

Charge Fifteen, which alleges that Mr. Bolds participated in an armed carjacking, was filed by Probation before a surveillance video of the incident became available. Mr. Bold's car was identified as having been used by the perpetrators. Defense counsel has viewed that video and it is clear that Mr. Bolds is neither the driver nor the passenger of the car at the time of the carjacking. Both Probation and the government agree that Mr. Bolds is not in the video. Therefore, proof exists that Mr. Bolds did not commit this carjacking and there is no probable cause for this charge.

**B. The remaining charges call for residential treatment out of the city, not imprisonment.**

The three remaining new allegations, Charges Twelve, Thirteen, and Fourteen, are all directly related to Mr. Bolds' addiction issues. Charge Twelve alleges that Mr. Bolds attempted to defeat a drug test with a device and fake urine on January 29, 2026. Charge Thirteen alleges four positive drug tests between January and April 2026, two of which were for marijuana and two of which were for methamphetamine. Charge Fourteen alleges that after successfully completing one detox, Mr. Bolds continued to struggle and entered a second detox on March 14, 2026 which he spent four days at but did not complete. Mr. Bolds needs treatment to address these issues, not incarceration. He has been to detox during the pendency of this form 12, but has at no point entered post-detox residential treatment. The defense understands from Probation that Mr. Bolds can go to Center Point no later than June 2nd, and possibly as early as the week of May 20th if bed space becomes available. Center Point will be an opportunity for Mr. Bolds to participate in residential treatment outside San Francisco and not located in a heavy drug use area.

The charges fail to reflect Mr. Bolds' successes: he spent several months successfully at the halfway house before transitioning to the Drake Hotel. Once he began to have issues at the Hotel, he successfully completed a detox program and returned. That unfortunately was not a high enough level of care. Mr. Bolds also got himself into outpatient treatment at Healthright 360 a number of months ago, and has been engaging in outpatient treatment both there and through the HOPE program. Additionally, defense counsel spoke with Mr. Bolds on April 16, 2026, and he was willing to go to treatment. He expressed difficulty going to treatment in areas with heavy drug use within San Francisco. Defense counsel called Probation on Mr. Bolds' behalf and left a message in an attempt to get the ball rolling on treatment. Again on May 7, defense counsel spoke with Mr. Bolds who was still interested in treatment. Defense counsel emailed Probation to inform it of this and hopefully find placement, but by then the most recent warrant had issued.

**C. Mr. Bolds is not a danger to the community or a flight risk.**

The only new allegations in the form 12 other than the carjacking not committed by Mr. Bolds are nonviolent. They do not give rise to an inference of dangerousness in any way. As to flight risk, there is no serious argument that the Court should be concerned about this for Mr. Bolds. He has

attended all court dates during the pendency of this form 12. He has at no point tried to flee prosecution.

**CONCLUSION**

For the aforementioned reasons, the Court should revoke the magistrate judge's detention order and order Mr. Bolds released directly to Center Point as soon as a bed becomes available.

Dated: May 15, 2026

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

/S
TAYLOR FATHERREE
Assistant Federal Public Defender